The Disciplinary Review Board having filed with the Court its decision in DRB 17-287, concluding on the record certified to the Board pursuant to Rule 1:20-4(f)(default by respondent), that Nicole Leigh Perskie, formerly of Somers Point, who was admitted to the bar of this State in 2013, and who has been temporarily suspended from the practice of law since September 21, 2016, should be suspended from practice for a period of two years for unethical conduct that includes multiple violations of RPC 1.1(a) (gross neglect), RPC 1.1(b) (pattern of neglect), RPC 1.3 (lack of diligence), RPC 1.4(b) (failure to keep the client reasonably informed), RPC 1.5(b) (failure to communicate in writing the rate or basis of the fee), RPC 1.15(d) (failure to comply with recordkeeping requirements), and RPC 5.5(a)(1) (practicing law while administratively ineligible to do so), RPC 8.1(b) (failure to cooperate with disciplinary authorities), RPC 8.4(b) (engaging in criminal conduct that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer), and RPC 8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation);
And the Disciplinary Review Board having further concluded that prior to reinstatement to the practice of law, respondent should be required to submit proof of her fitness to practice law and be required to complete courses in ethics and law office management, and that after reinstatement, respondent should be required to practice under supervision for a period of one year;
And Nicole Leigh Perskie having failed to appear on the Order directing her to show cause why she should not be disbarred or otherwise disciplined;
**227 And good cause appearing;
It is ORDERED that Nicole Leigh Perskie is suspended from the practice of law for a period of two years, effective immediately, and until the further Order of the Court; and it is further
ORDERED that prior to reinstatement to the practice of law, respondent shall submit proof of her fitness to practice law as attested to by a mental health professional approved by the Office of Attorney Ethics and shall complete courses in ethics and law office management approved by the Office of Attorney Ethics; and it is further
ORDERED that following reinstatement to practice, respondent shall practice law under the supervision of a practicing *502 attorney approved by the Office of Attorney Ethics for a period of one year, and until the further Order of the Court; and it is further
ORDERED that respondent continue to comply with Rule 1:20-20 dealing with suspended attorneys; and it is further
ORDERED that pursuant to Rule 1:20-20(c), respondent's failure to comply with the Affidavit of Compliance requirement of Rule 1:20-20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of RPC 8.1(b) and RPC 8.4(d) ; and (3) provide a basis for an action for contempt pursuant to Rule 1:10-2; and it is further
ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further
ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in Rule 1:20-17.